IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUETTA HAWKINS, et al., | ) | CASE NO. 5:11CV2753 |
| | ) | |
| Plaintiffs, | ) | JUDGE SARA LIOI |
| | ) | |
| and | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUMMIT COUNTY, OHIO, et al., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | (Resolving Doc. 106) |

This matter is before the Court upon the motion of Elfvin & Besser and attorneys Bruce B. Elfvin, Barbara Kaye Besser, and Stuart G. Torch (members of Elfvin & Besser) (collectively "Movants") to withdraw as counsel for Plaintiff Jacquetta Hawkins pursuant to Local Rule 83.9.[1] Doc. 106. For the reasons set forth below, the motion to withdraw is GRANTED.

Attorney withdrawal issues are committed to the Court's discretion. *See Gerber v. Riordan*, 2011 U.S. Dist. LEXIS 136283, *3 (N. D. Ohio 2011) (citing *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009)). When ruling on a motion to withdraw, the Court looks to the rules governing attorneys' professional conduct for guidance. *See Brandon,* 560 F.3d at 537-38. Attorneys admitted to the bar for the State of Ohio are governed by the Ohio Rules of Professional Conduct. *See, e.g., Sims v. Charter One Bank,* No. 3:10 CV 2941, 2011 WL 6934806 (N.D. Ohio Dec. 30, 2011). Rule 1.16 of the Ohio Rules of Professional Conduct sets forth the rules an attorney must follow when terminating representation. Rule 1.16(b) provides

---

[1] Local Rule 83.9 governs motions to withdraw as counsel and provides that "[t]he attorney of record may not withdraw . . . without first providing written notice to the client and all other parties and obtaining leave of Court." Movants have complied with this requirement in this case.

1

that an attorney may withdraw from representation when any of the following apply:

    (1)    withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or fraudulent;

    (3)    the client has used the lawyer's services to perpetrate a crime or fraud;

    (4)    the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

    (5)    the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6)    the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

    (7)    the client gives informed consent to termination of the representation;

    (8)    the lawyer sells the law practice in accordance with Rule 1.17; or

    (9)    other good cause for withdrawal exists.

Ohio Prof. Cond. Rule 1.16(b).

In this case, Movants state in their motion that their continued representation of Hawkins would pose a conflict of interest because Hawkins has declined to follow their advice and Hawkins' interests and those of the remaining 20 private Plaintiffs whom Movants represent are no longer sufficiently aligned. Movants also assert that Hawkins insists on taking action which Movants have a fundamental disagreement. Doc. 106, p. 2. Movants assert that they have taken steps to avoid materially adverse consequences to Hawkins and that they have advised her to seek the advice of separate counsel. The Court held telephone conferences on April 4, 2013 and April 11, 2013 to discuss the motion to withdraw.[2] During these conferences, both Hawkins and Movants acknowledged that they are in fundamental disagreement. Hawkins stated that she is

---

[2] A court reporter was present for both of the telephone conferences.

attempting to obtain separate counsel. During the telephone conference on April 11, 2013, the Court asked Hawkins if she had any objection to the motion to withdraw filed by Movants. Hawkins stated that she had no objection to the motion to withdraw. The Court also asked Hawkins if she understood that, if the motion to withdraw is granted, she would no longer be represented by Movants and would not be represented by any attorney in this case unless she obtains separate counsel. Hawkins stated that she understood that Movants would no longer be her attorneys if they are granted leave to withdraw and that she would not be represented by counsel unless she obtains new counsel. Based on this colloquy, the Court finds that Hawkins has given her informed consent to termination of the representation and that Rule 1.16(b)(7) is satisfied. Accordingly, the motion of Elfvin & Besser and attorneys Bruce B. Elfvin, Barbara Kaye Besser, and Stuart G. Torch to withdraw as counsel for Plaintiff Jacquetta Hawkins is GRANTED. Doc. 106.

    IT IS SO ORDERED.

Dated: April 12, 2013

Kathleen B. Burke
United States Magistrate Judge